UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

RANDY ALFONSO,
and other similarly situated individuals,

    Plaintiff(s),

v.

INVESTMENTS MANAGEMENT I, LLC,
d/b/a INVESTMENTS LIMITED

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff RANDY ALFONSO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue the Defendant in INVESTMENTS MANAGEMENT I, LLC, d/b/a INVESTMENTS LIMITED, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff RANDY ALFONSO is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant INVESTMENTS MANAGEMENT I, LLC, d/b/a INVESTMENTS LIMITED (hereinafter INVESTMENTS LIMITED, or Defendant) is a Florida for Profit Corporation having its main place of business in Palm Beach County. The Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff RANDY ALFONSO, and other similarly situated employees to recover from Defendant overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant INVESTMENTS LIMITED is a property leasing, management, and maintenance company providing its services to commercial accounts.

7. The Defendant INVESTMENTS LIMITED employed Plaintiff RANDY ALFONSO as a non-exempted, full-time, hourly employee, approximately from September 2014 to August 28, 2020, or almost 6 years. However, for FLSA purposes de relevant period of employment is 156 weeks.

8. At the time of his termination Plaintiff's wage-rate was $15.50 an hour. His overtime wage rate should be $23.25.

9. The Plaintiff worked at Island Shores Apartments, located at 1600 Island Shore Drive, Green Acres, FL 33413.

10. During his time of employment, the Plaintiff worked as a maintenance employee. The Plaintiff's duties included general maintenance work such as repairing, painting, plumbing, and light electric work for all the residential buildings managed by INVESTMENTS LIMITED.

11. The Plaintiff worked 5 days per week from Mondays to Fridays, and he had a regular schedule. Every day, Plaintiff reported working at 8:30 AM and he worked most of the time until 5:30 PM (9 hours daily). and he completed 40 hours weekly, (Plaintiff has deducted 1 hour of the lunchtime that he took daily).

12. However, every week, at least 1 day, Plaintiff stayed working late a minimum of 30 minutes. Thus, during his time relevant time of employment, Plaintiff worked a total of 40.5 hours, (Plaintiff has already deducted 1 hour of the lunchtime that he took daily).

13. These extra 30 minutes constitute overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage.

14. Plaintiff worked more than 40 hours every week, but Defendant refused to pay Plaintiff for overtime hours. Defendant paid Plaintiff up to 40 regular hours weekly.

15. The Plaintiff clocked in and out, the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

17. Besides, sometimes the Plaintiff worked on-call hours that were not paid to him correctly.

18. The Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the real number of working hours.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on 30 minutes of overtime. Plaintiff is not including his claim for incorrect payment of on-call hours. After proper discovery, the Plaintiff will amend his Statement of Claim.

20. On or about August 28, 2020, Plaintiff was unfairly discharged from his position due to his association with a former employee who filed an FLSA and Discrimination claim against the Defendant.

21. Plaintiff RANDY ALFONSO seeks to recover unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANT

23. Plaintiff RANDY ALFONSO re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff RANDY ALFONSO and those similarly-situated as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant INVESTMENTS LIMITED was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant is a property leasing and management company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate

commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a maintenance employee, through his daily activities, he worked and handled and on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. The Defendant INVESTMENTS LIMITED employed Plaintiff RANDY ALFONSO as a non-exempted, full-time, hourly employee, approximately from September 2014 to August 28, 2020, or almost 6 years. However, for FLSA purposes de relevant period of employment is 156 weeks.

29. At the time of his termination Plaintiff's wage-rate was $15.50 an hour. His overtime wage rate should be $23.25.

30. During his time of employment, the Plaintiff worked as a maintenance employee.

31. The Plaintiff worked 5 days per week from Mondays to Fridays, and he had a regular schedule. Every day, Plaintiff reported working at 8:30 AM and he worked most of the time until 5:30 PM (9 hours daily), or 40 hours weekly, (Plaintiff has deducted 1 hour of the lunchtime that he took daily).

32. However, every week, at least 1 day, Plaintiff stayed working late a minimum of 30 minutes. Thus, during his time relevant time of employment, Plaintiff worked a total of 40.5 hours, (Plaintiff has already deducted 5 hours of the lunchtime that he took (1 hour daily).

33. These extra 30 minutes constitute overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage.

34. Plaintiff worked more than 40 hours every week, but Defendant refused to pay Plaintiff for overtime hours. Defendant paid Plaintiff up to 40 regular hours weekly.

35. The Plaintiff clocked in and out, the Defendant was in complete control of Plaintiff's working hours, and it was able to keep track of the Plaintiff total number of working hours

36. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

37. Besides, sometimes the Plaintiff worked on-call hours that were not paid to him correctly.

38. The Plaintiff and all individuals similarly situated were paid bi-weekly, and their paystubs never reflected the real number of working hours.

39. The Plaintiff does not own time and payment records, but he will provide a good faith estimate based only on 30 minutes of overtime. Plaintiff is not including his

claim for incorrect payment of on-call hours.  After proper discovery, the Plaintiff will amend his Statement of Claim.

40. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of the Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification. Adjustments will be made after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Eight Hundred Twelve Dollars and 72/100 ($1,812.72)

    b. <u>Calculation of such wages</u>:

    Total time of employment:  6 years
    Relevant weeks of employment:  156 weeks
    Total hours worked: 40.5
    Total unpaid O/T hours: 0.5 weekly
    Regular rate: $15.50 x 1.5=$23.25
    O/T rate: $23.25

> O/T rate $ 23.25 x 0.5 O/T hours=11.62 weekly x 156=$1,812.72

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

44. At all times material hereto, the Employer/Defendant INVESTMENTS LIMITED failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. Defendant INVESTMENTS LIMITED knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. Defendant INVESTMENTS LIMITED willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

47. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff RANDY ALFONSO and those similarly situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant INVESTMENTS LIMITED based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RANDY ALFONSO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  October 14, 2020

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*